| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

| | | |
|---|---|---|
| Cecilya Smith, *et al.*, | § § | |
| Plaintiffs, | § § | |
| *versus* | § § | Civil Action H-13-90 |
| Walgreen Company, *et al.*, | § § | |
| Defendants. | § § | |

## Opinion on Partial Dismissal

1. *Introduction.*

Because a worker at a pharmacy mistyped the unit of measure for a dose of medicine, a couple gave their child too much of it, causing the child to react. The parents say that they may recover damages for their pain at seeing the child's reaction to the overdose. The pharmacy will prevail.

2. *Background.*

In November of 2010, Cecilya Smith gave birth to Shamarious Bush, Junior – the son of Shamarious Bush. Less than a month later, they took their son to the hospital because of seizures. After a month-long stay, the hospital released him with a prescription for phenobarbital; he was to take fifteen milligrams twice a day. That same day, a worker at Walgreens filled the prescription, but he mistyped the instructions, saying to give him fifteen milliliters, at least three times as much as had been prescribed. At some point after the couple gave Bush the medicine, his limbs stiffened, he started coughing, and he struggled to breathe. They took him to the hospital the next day.

3. *Duty.*

Walgreens filled the prescription for Bush. It had a duty to him to do it correctly. Because Walgreens did not owe a duty to the parents, they may not recover for negligence and gross negligence.[1]

The parents may only bring a claim for their increased medical expenses for their son because of Walgreens's error.

4. *Bystander.*

The parents seek recovery for anguish when they saw their son become ill. Texas law does not permit bystanders to recover damages for their anguish in medical-malpractice cases, however understandable it is for them to be upset.

In the case handed up by the parents, a woman was allowed to recover as a bystander for an assault she witnessed on her mother at a nursing home; the court construed her claim as one of simple negligence that was not covered by the Medical Liability and Insurance Improvement Act because protecting one patient from another was not a question of medical standards.[2]

For the past seven years, it has been clear that the circumstances of that case are covered by the Act in Texas.[3] Supervision and staffing at a nursing home are medical decisions. The physical site is not a question of premises liability; the premises and their hazards are part of medicine. The victim and the deviant are both there for the provision of medical care. A guest who trips on a curb that has not been maintained may have a claim for simple negligence. A guest who witnesses bad medical care is still suing for bad medical care.

Even if that case were still good law, Smith and Shamarious's claim as bystanders is for the pharmacy's departure from a medical standard of care; it is a direct consequence of badly filling a prescription, a medical service. The parents may not recover for emotional harm.[4]

---

[1] Davis v. Eckerd, 1999 Tex. App. LEXIS 5936, at *14 (Tex. App.–Dallas 1999).

[2] Healthcare Centers of Texas, Inc., v. Rigby, 97 S.W.3d 610, 621–622 (Tex. App. –Houston [14th Dist.] 2002, pet. denied).

[3] Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d 842, 853 (Tex. 2005).

[4] Edinburg Hosp. Auth. v. Trevino, 941 S.W.2d 76, 81 (Tex. 1997).

4.  *Conclusion.*

While Cecilya Smith and Shamarious Bush may sue for medical expenses for their child, they may not recover for negligence and gross negligence individually or for their emotional harm when they saw their child overdose. Their claims for negligence, gross negligence, and mental anguish will be dismissed.

Signed on May __9__, 2013, at Houston, Texas.

Lynn N. Hughes
United States District Judge